[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR REVIEW OF TAXATION OF COSTS
After a defendant's verdict in the above-captioned medical malpractice action an assistant clerk taxed costs in the amount of $10,980.22 in favor of the defendant. Thereafter, the plaintiff moved for a review of the taxation of costs pursuant to § 412 of the Practice Book.
At the oral argument on the Motion for Review the plaintiff indicated that he did not object to the taxation of costs which appeared on the first page of the defendant's Bill of Costs, a copy of which is attached hereto. The second page of the Bill of Costs seeks to recover for the testimony, either in court or at deposition, of five physicians.
The defendant seeks $300 and $900 as the "legal fee" for Dr. Leo Charendorf and Dr. Harvey Pastel, respectively, under Connecticut General Statutes § 52-257(b)(1), which provides that parties shall receive, "(1) For each witness attending court, his legal fee and mileage." Drs. Charendorf and Pastel were not offered as expert witnesses. They testified as fact witnesses.
Connecticut General Statutes § 52-260 determines the fees to be awarded to various categories of witnesses. Section 52-260
(a) provides:
 The fees of a witness for attendance before any court, . . . shall be fifty cents a day, and for travel to the place of trial, ten cents a mile.
Conn. Gen. Stats. 52-260(f) provides in pertinent part as follows:
 When any practitioner of the healing arts as defined in section 20-1 . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner . . . and taxed as part of the costs in lieu of all other witness fees payable to the practitioner. . . .
Subsection (f) pertains only to fees for practitioner experts. CT Page 12466 Therefore, if a physician is brought to court solely as a fact witness he is not entitled to rely on subsection (f) and be awarded reasonable fees. A fact witness who is also a physician is entitled only to fees under subsections (a) through (e) of § 52-260.Harding v. Jacoby, No. CV-88-0353674 S (Jul. 22, 1993, O'Neill, J.), 1993 Ct. Sup. 6624-QQ.
The defendant is not entitled to recover the amounts sought for the testimony fee of Drs. Charendorf or Pastel because those amounts clearly exceed the nominal witness fee allowed to a physician fact witness under § 52-260(a).
The defendant also seeks to recover $2300 for the deposition fee and trial fee and $2300 for the preparation fee of Dr. Francis Siracusa, who was the defendant's expert on the standard of care. The plaintiff has objected to the taxation of the deposition fee of $700 because that amount was paid by the plaintiff. The defendant is not entitled to recover a fee which he did not pay.
The plaintiff also argues that the preparation fee is not recoverable. Section 52-260(f) permits the recovery of a reasonable fee. In Harding v. Jacoby, supra, Judge O'Neill held that a fee for a physician's preparation was recoverable under § 52-260(f) because trials are "90% preparation and 10% presentation." He also observed that the expert who would testify in court with no preparation might be characterized as "not worth his salt." This court agrees with Judge O'Neill's rationale in Harding. The reasonable fee of an expert allowed under § 52-260(f) must necessarily include a fee for preparation time because it is reasonable to expect that any expert "worth his salt" would require, and, presumably, charge for preparation time in connection with his trial testimony.
Dr. Siracusa's preparation included a review of medical charts from two operations performed by the defendant. His testimony was crucial to the defense. The defendant may recover $2300 for Dr. Siracusa's preparation time as well as $1600 for his trial testimony.
The defendant is also seeking to recover for deposition fees of Dr. Richard Bassin, Dr. Howard Simon, and Dr. Douglas Viets. Under Connecticut General Statutes § 52-149a the defendant should have paid those fees because he took the depositions of Drs. Bassin, Simon and Viets. Had the defendant paid CT Page 12467 those fees he would now be able to recover those payments because § 52-260(f) allows for a fee for a physician's testimony in any action "or proceeding." "Proceeding" has been held to include a deposition. DeRosa v. Shoprite Supermarket, No. CV 90-0440625S (Nov. 15, 1993, Berger, J.); Kirk v. Vagnini,
11 Conn. Law. Trib. No. 26 (Super.Ct., July 1, 1975, Berdon, J.); see also Ahern v. Moskovitz, 2 Conn. L. Rptr. 471 (September 26, 1990, Maloney, J.) (holding that the cost of a doctor's deposition is covered by Conn. Gen. Stat. 52-260(f)). The defendant cannot recover fees which he did not pay. However, to the extent that those physicians look to the defendant for payment pursuant to § 52-149a, those costs are taxable to the plaintiff since the defendant prevailed at trial.
In summary, the court hereby orders that the following expenses, costs and fees are taxed in favor of the defendant against the plaintiff:
 Proceedings before trial $50. Trial of an issue of fact $75. Difficult case in which defense is interposed $200. Depositions within State $120. Copies of records used in evidence $185.22 Drawings necessary or convenient in trial $1,700. Testimony fee: Dr. Francis Siracusa $3,900. Total $6,230.22
The deposition fees of Dr. Bassin ($2,550), Dr. Simon ($300) and Dr. Viets (presently unknown) are to be taxed against the plaintiff in favor of the defendant only if those fees are paid by the defendant or his attorneys.
Aurigemma, J.